IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00328-GCM

| | |
|---|---|
| CRYSTAL MCBRIDE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 15) and Defendant (ECF No. 17), along with the parties' briefs and exhibits. Plaintiff also filed a response to Defendant's motion (ECF No. 20). The matter is ripe for disposition. For the reasons described below, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner.

**I.     BACKGROUND**

    a.  **Factual Background**

In June 2013, the Social Security Administration granted Crystal McBride's application for Supplemental Security Income (SSI), finding that the then-23-year-old woman was disabled within the meaning of the Social Security Act. A.R. 85.[1] McBride's impairments, which included psychotic disorder, borderline intellectual functioning, anxiety disorder, and lumbar spine disease, rendered her unable to work. A.R. 82, 85.

---

[1] Citations to A.R.__ are to the Administrative Record.

Four years later, in July 2017, the Social Security Administration terminated McBride's benefits pursuant to a "continuing disability review," or CDR. A.R. 88. McBride sought a hearing with an administrative law judge (ALJ). The ALJ convened a hearing by video teleconference on December 9, 2019. A.R. 12. At the hearing, McBride and a vocational expert (VE) testified. The ALJ issued an unfavorable decision on February 27, 2020. A.R. 28. The Appeals Council denied review. A.R. 1. McBride then sought judicial review in this Court pursuant to 42 U.S.C. § 405(g).

### b. Legal Background

The Social Security Administration uses a seven-step process[2] to determine whether a recipient of Supplemental Security Income continues to be disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.994(b)(5) (2021); *see also Shamia H. v. Kijakazi*, Civil No. TMD 20-2567, 2021 WL 4750183, at *2–3 (D. Md. Oct. 12, 2021). First, the Commissioner determines whether the claimant has an impairment, or a combination of impairments, which is sufficiently severe to qualify automatically for disability under the so-called "Listings." *See* 20 C.F.R. § 416.994(b)(5)(i). Next, if the impairment does not so qualify, the Commissioner considers whether there has been medical improvement, defined as any decrease in the medical severity of the impairment or impairments. *Id*. § (b)(5)(ii). Third—if there has been medical improvement—the Commissioner must determine whether the improvement is related to the claimant's ability to work. *Id*. § (b)(5)(iii). Fourth—if there has been no medical improvement, or the improvement is not related to the claimant's ability to work—the Commissioner considers whether any exception to the medical improvement requirement exists, such that disability must be terminated. *See id*. § (b)(5)(iv). Fifth, the Commissioner decides whether the claimant's current impairments are severe

---

[2] The regulation describes eight steps, but the final step simply explains the proper procedure when evidence about past relevant work is insufficient. *See* 20 C.F.R. § 416.994(b)(5)(viii).

in combination. *Id*. § (b)(5)(v). Next, if the impairments are severe, the Commissioner assesses the claimant's current ability to work, based on his or her "Residual Functional Capacity" (RFC), and considers whether the claimant can perform past relevant work. *Id*. § (b)(5)(vi). Finally, the Commissioner considers whether the claimant can perform other work in the local or national economy. *Id*. § (b)(5)(vii).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III. DISCUSSION

McBride raises two arguments on appeal. First, she claims that the ALJ erred by assigning an RFC that was based on an inaccurate understanding of the Dictionary of Occupational Titles (DOT). Second, she argues that remand is necessary because the Commissioner's tenure protections are unconstitutional. *See* ECF No. 16 at 2. Because the Court agrees with McBride's first argument, it will begin and end there.

During the hearing, the ALJ posited a hypothetical scenario to a vocational expert:

> I'll ask you to assume a person age 30 . . . . Past relevant work the same as the Claimant's, which is none . . . . [the] person would be able to apply common sense, understanding to carry out simple one or two step instructions. Deal with standardize[d] situations with occasional or no variables in or from the situations encountered on the job. So, basically, unskilled, at a reasoning level of 1 or 2.

A.R. 70. The ALJ later adopted that scenario in formulating McBride's RFC. *See* A.R. 19 ("The claimant can apply common sense understanding to carry out simple one or two-step instructions and can deal with standardized situations with occasional or no variables in or from these situations encountered on the job. She can perform unskilled jobs with a reasoning level of one or two."). Given this scenario, the VE testified that three suitable potential jobs existed for someone with McBride's RFC. However, he solely identified jobs with reasoning levels of two or higher.[3] The ALJ subsequently relied on the VE's testimony in finding that McBride was capable of performing those three jobs. *See* A.R. 27. She then concluded that McBride's disability ended on July 1, 2017.

McBride argues that the inclusion of "reasoning level 2" in the RFC was not backed by substantial evidence, pointing out that the ALJ prefaced that portion of the RFC with the verbatim definition of level 1 reasoning. *See* ECF No. 16 at 4; ECF No. 20 at 2. She is correct. The Dictionary of Occupational Titles defines Reasoning Level 1 in this manner: "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."[4] *See* Soc. Sec. Admin., Dictionary of Occupational Titles, Appendix C, 1991 WL 688702 (hereinafter DOT). McBride argues that the ALJ wrongly understood the definition of reasoning level 2, conflating it

---

[3] The VE erroneously testified that a "weigher" requires a reasoning level of 2. A.R. 71. In fact, as the Commissioner recognizes, that job has a reasoning level of 3. *See* Soc. Sec. Admin., Dictionary of Occupational Titles 222.387-074, 1991 WL 672108; ECF No. 18 at 6.

[4] Reasoning Level 2, by contrast, reads: "Apply commonsense understanding to carry out detailed but involved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, *supra*.

4

with level 1. *See* ECF No. 20 at 2. In response, the government claims that McBride's argument invites the Court to "speculate an error where none existed," because "[t]he ALJ expressly found that Plaintiff could perform occupations with reasoning levels of 1 or 2." ECF No. 18 at 7.

The Court is not persuaded by the government's proffered explanation for the inconsistency, which is not supported by the ALJ's opinion. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962) ("[C]ourts may not accept appellate counsel's *post hoc* rationalizations for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself . . . ."). In this case, the ALJ's inclusion of reasoning level 2 in the hypothetical was immediately preceded by a verbatim definition of reasoning level 1, which was then inaccurately synthesized by the ALJ: "So, basically, unskilled, at a reasoning level of 1 or 2." *See* A.R. 70.

In crafting an RFC, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Here, the ALJ's apparently inaccurate understanding of reasoning level 2 caused the ALJ to craft an RFC that was not supported by substantial evidence.[5] And the error was not harmless, because the ALJ's determination of nondisability relied on her finding that McBride could perform alternative work that required reasoning levels of 2 or higher.

IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

---

[5] McBride also argues that the ALJ failed to resolve a conflict between the VE's testimony and the DOT, raising the same facts discussed here. *See* ECF No. 16 at 6 (citing *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015)). Because the Court concludes that the RFC was not backed by substantial evidence, it does not consider this argument.

5

The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: December 22, 2021

*[signature]*

Graham C. Mullen
United States District Judge